IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JOSHUA W. KEEDY, <br> #JID-0008700, <br><br> Plaintiff, <br><br> v. <br><br> MARY L/N/U, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) No. 3:23-cv-00558 <br> ) <br> ) <br> ) Judge Trauger <br> ) Magistrate Judge Holmes <br> ) <br> ) <br> ) |

**MEMORANDUM OPINION**

Joshua W. Keedy, a pretrial detainee in the custody of the Rutherford County Adult Detention Center in Murfreesboro, Tennessee, filed this pro se, in forma pauperis action under 42 U.S.C. § 1983 against Mary l/n/u (Nurse Mary) and Shawn Vanwinkle, alleging violations of Plaintiff's civil rights. (Doc. No. 1). Plaintiff also filed a Motion to Appoint Counsel. (Doc. No. 4).

The complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(e)(2) and 1915A.

I.  **PLRA Screening Standard**

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed in forma pauperis that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and

1

summary dismissal of the complaint on the same grounds as those articulated in Section 1915(e)(2)(B). *Id.* § 1915A(b).

The court must construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the plaintiff's factual allegations as true unless they are entirely without credibility. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)). Although pro se pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520121 (1972); *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991), the courts' "duty to be 'less stringent' with pro se complaints does not require us to conjure up [unpleaded] allegations." *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979) (citation omitted).

**II.  Section 1983 Standard**

Title 42 U.S.C. § 1983 creates a cause of action against any person who, acting under color of state law, abridges "rights, privileges, or immunities secured by the Constitution and laws . . . ." To state a claim under Section 1983, a plaintiff must allege and show two elements: (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Dominguez v. Corr. Med. Servs.,* 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Sigley v. City of Panama Heights*, 437 F.3d 527, 533 (6th Cir. 2006)); 42 U.S.C. § 1983.

**III.  Alleged Facts**

On August 26, 2022, around 2:30 p.m., Plaintiff returned from court to the Rutherford County Adult Detention Center, where he was (and is) a pretrial detainee. He became ill. He asked for medical attention. Specifically, Plaintiff told Corrections Officer (C/O) Vanwinkle that

2

Case 3:23-cv-00558   Document 5   Filed 06/15/23   Page 2 of 10 PageID #: 20

Plaintiff needed help "several times." (Doc. No. 1 at 5). Vanwinkle told Plaintiff he (Vanwinkle) had "entered a 2-part for medical attention." (*Id*.)

Plaintiff was taken to the jail's medical department around 3:30 a.m. Nurse Mary took Plaintiff's blood pressure, which was perilously low. Nurse Mary asked Plaintiff if he had taken drugs, and he told her no because he had been in jail for over a week and was "detoxing from fentanyl." (*Id*. at 6). Nurse Mary gave Plaintiff naproxen even though she knew that Plaintiff has Hepatitis C, and naproxen is contraindicated for someone with Hepatitis C. After taking the naproxen, Plaintiff experienced severe diarrhea and pain.

Nurse Mary called an ambulance and, while in the ambulance, Plaintiff was given Narcan several times even though he was not overdosing. At the hospital, Plaintiff received four blood transfusions. He was in horrible pain. He stayed in the intensive care unit for a week and had surgery "to find out about the damage to [his] insides from the naproxen and the bleeding ulcers." (*Id*. at 7). While hospitalized, Plaintiff contracted a staph infection which required additional surgery.

As relief, Plaintiff seeks compensatory and punitive damages from both Defendants.

## IV. Analysis

The complaint alleges that Defendants were deliberately indifferent to Plaintiff's serious medical needs.

The Eighth Amendment protects against "cruel and unusual punishments." U.S. Const. amend. VIII. For persons who are incarcerated, "prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). When prison officials are "deliberate[ly] indifferen[t]" to a prisoner's "objectively . . . serious" needs, they violate the Eighth Amendment. *Id*. at 834 (quotations omitted). Deliberate indifference

3

Case 3:23-cv-00558   Document 5   Filed 06/15/23   Page 3 of 10 PageID #: 21

includes objective and subjective aspects: (1) a substantial (objective) risk of serious harm and (2) the official's (subjective) knowledge and disregard of that substantial risk. *Id*. Deliberate indifference "entails something more than mere negligence." *Id*. at 835. Instead, the Eighth Amendment standard is akin to criminal recklessness, requiring actual awareness of the substantial risk. *Id*. at 839-40.

But the Eighth Amendment applies only to "those convicted of crimes." *Ingraham v. Wright*, 430 U.S. 651, 664 (1977). It "does not apply to pretrial detainees," like Keedy. *Greene v. Crawford County*, 22 F.4th 593, 605 (6th Cir. 2022). Instead, "[p]retrial detainees are analogously protected under the Due Process Clause of the Fourteenth Amendment," which incorporates similar protections against custodians of pretrial detainees. *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 895 (6th Cir. 2004). As a sister court noted, "the standard for inadequate-medical-care claims brought by pretrial detainees has been in flux in the Sixth Circuit." *Henry v. Fentress*, No. 4:22CV-P82-JHM, 2022 WL 17670457, at *3 (W.D. Ky. Dec. 14, 2022). In *Greene v. Crawford Cnty.*, 22 F.4th 593 (6th Cir. 2022), the Sixth Circuit clarified the standard as follows:

> *Brawner* modified the second prong of the deliberate indifference test applied to pretrial detainees to require only recklessness: "A pretrial detainee must prove 'more than negligence but less than subjective intent—something akin to reckless disregard.'" *Brawner*, 14 F.4th at 597 (6th Cir. 2021) (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016) (en banc)). In other words, a plaintiff must prove that the defendant acted "deliberately (not accidentally), [and] also recklessly in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known." *Id*. (citation and quotation marks omitted).

*Id*. at 605-06. Subsequently, the Sixth Circuit decided *Trozzi v. Lake Cnty.*, 29 F.4th 745 (6th Cir. 2022), which articulated the modified standard as follows:

> [A] plaintiff must satisfy three elements: (1) the plaintiff had an objectively serious medical need; (2) a reasonable officer at the scene (knowing what the particular jail official knew at the time of the incident) would have understood that the detainee's medical needs subjected the detainee to an excessive risk of harm; and (3) the prison official knew that his failure to respond would pose a serious risk to the pretrial detainee and ignored that risk.

4

*Id.* at 757. The Court pointed out that this standard still "ensur[es] that there is a sufficiently culpable mental state to satisfy the [ ]high bar[ ] for constitutional torts grounded in a substantive due process violation." *Id.* at 758. A showing of "mere negligence is insufficient." *Id.* at 753 (citing *Brawner*, 14 F.4th at 596).

Because Plaintiff is a pretrial detainee, his claims of deliberate indifference to medical needs fall under the Fourteenth Amendment. Plaintiff names two Defendants to these claims: Shawn Vanwinkle and Nurse Mary. Both Defendants are sued in their individual and official capacities. According to the complaint, Vanwinkle is a corrections officer working at the Rutherford County Adult Detention Center, and Nurse Mary is a nurse employed by Rudd Medical Services.

### A. C/O Shawn Vanwinkle

The court will begin with C/O Vanwinkle. The complaint alleges that he knew Plaintiff needed immediate medical treatment but waited over twelve hours to take Plaintiff to the medical department, despite Plaintiff's multiple requests. According to the complaint, this delay caused Plaintiff to experience a dangerously-low blood pressure and suffer unnecessarily. Although it is a close call, considering the evolving standards for these types of claims in this Circuit and the PLRA screening standard, the court finds that the Fourteenth Amendment claim against C/O Vanwinkle in his individual capacity should proceed for further development. Plaintiff ultimately will be required to support his allegations with facts proving that C/O Vanwinkle (1) would have understood that Plaintiff's medical needs subjected Plaintiff to an excessive risk of harm and (2) knew that his failure to respond to Plaintiff's needs more quickly posed a serious risk to Plaintiff and yet he (Vanwinkle) ignored that risk.

5

Case 3:23-cv-00558   Document 5   Filed 06/15/23   Page 5 of 10 PageID #: 23

With respect to Plaintiff's claim against C/O Vanwinkle in his official capacity, when a defendant is sued in his or her official capacity as an employee of the government, the lawsuit is directed against "the entity for which the officer is an agent." *Pusey v. City of Youngstown*, 11 F.3d 652, 657 (6th Cir. 1993). Because the complaint alleges that Vanwinkle is an employee of the Rutherford County Adult Detention Center, Plaintiff's official-capacity claim against Vanwinkle is actually a claim against Rutherford County, Tennessee. *See id.*

A claim of governmental liability requires a showing that the alleged misconduct is the result of a policy, statement, regulation, decision, or custom promulgated by a county or its agent. *Monell Dep't of Social Svcs.,* 436 U.S. 658, 690-691 (1978). In short, for Rutherford County to be liable to Plaintiff under Section 1983, there must be a direct causal link between an official policy or custom and the alleged violation of Plaintiff's constitutional rights. *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *Burgess v. Fisher*, 735 F.3d 462, 478 (6th Cir .2013) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 693 (1978)); *Regets v. City of Plymouth*, 568 F. App'x 380, 2014 WL 2596562, at *12 (6th Cir. 2014) (quoting *Slusher v. Carson*, 540 F.3d 449, 456-57 (6th Cir. 2008)). A plaintiff can make a showing of an illegal policy or custom by demonstrating one of the following: (1) the existence of an illegal official policy or legislative enactment; (2) that an official with final decision-making authority ratified illegal actions; (3) the existence of a policy of inadequate training or supervision; or (4) the existence of a custom or tolerance or acquiescence of federal rights violations. *Burgess*, 735 F.3d at 478.

Here, the complaint does not allege any facts from which the court could conclude that an official policy or custom of Rutherford County resulted in a violation of Plaintiff's constitutional rights. The complaint does not refer to any official policies or customs. "Merely positing a theory of legal liability that is unsupported by specific factual allegations does not state a claim for relief

6

. . . ." *Ezell v. Metro. Gov't of Nashville & Davidson Cnty.*, No. 3:11-0405, 2012 WL 2601940, at *5 (M.D. Tenn. June 6, 2012). Therefore, Plaintiff's claim against C/O Vanwinkle in his official capacity, which is actually a claim against Rutherford County, fails to state a Section 1983 claim upon which relief can be granted. This claim will be dismissed.

  B. <u>Nurse Mary l/n/u</u>

  Next, the court moves to Nurse Mary. The complaint concerns two actions allegedly taken by her: 1) she gave Plaintiff naproxen even though she knew the medication was contraindicated for him, which caused physical harm to Plaintiff; and 2) even though Plaintiff told Nurse Mary that he had not taken any drugs in over a week, she told paramedics that Plaintiff was overdosing, which resulted in Plaintiff being administered multiple doses of Narcan, causing additional physical harm to Plaintiff. Again, although it is a close call, the court finds that this claim should proceed for further development again Nurse Mary in her individual capacity. Going forward, Plaintiff will be required to support his allegations with proof.

  Plaintiff's official-capacity claim against Nurse Mary is a claim against Rudd Medical Services. *See Pusey*, 11 F.3d 652, 657. "Private individuals may be considered state actors . . . if they are 'clothed with the authority of state law.'" *Carl v. Muskegon Cnty.*, 763 F.3d 592, 595 (6th Cir. 2014) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)). Rudd Medical Services is a state actor here. *See Montgomery v. Wellpath Med.*, No. 3:19-cv-00675, 2020 WL 636581, at *4 (M.D. Tenn. Feb. 10, 2020) (permitting a Section 1983 claim to proceed against Wellpath Medical as a state actor) (citing *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) (finding that corporate provider of medical services to jail inmates is "clearly a state actor" under § 1983 and, like the county that operates the jail, can only be liable for harm directly caused by the execution of its policy)).

The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or provide medical care to prisoners. *Thomas v. Coble*, 55 F. App'x at 748, 748-49 (6th Cir. 2003); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 817-18 (6th Cir. 1996). Under these standards, Rudd Medical Services cannot be held liable under a theory of respondeat superior. *See Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011) (finding Corizon Health and Corizon Services, providers of inmate health services, "cannot be held liable under a theory of respondeat superior."). Instead, to prevail on a Section 1983 claim against Rudd Medical Services, Plaintiff "must show that a policy or well-settled custom of the company was the 'moving force' behind the alleged deprivation" of his rights. *Id*.

Here, however, the complaint does not allege that Plaintiff suffered any injury because of an unconstitutional policy or custom of Rudd Medical Services. *See Broyles v. Corr. Med. Servs., Inc.*, No. 081638, 2009 WL 3154241, at *2 (6th Cir. Jan. 23, 2009) (inmate's "bare allegations of a custom or policy, unsupported by any evidence, are insufficient to establish entitlement to relief"). The complaint fails to set forth any facts suggesting that the execution of an alleged policy, rather than individual malfeasance on the part of medical staff, caused the withholding of treatment. "In the context of Section 1983 municipal liability, district courts in the Sixth Circuit have interpreted *Iqbal*'s standards strictly." *Hutchison v. Metro. Gov't of Nashville & Davidson Cnty.*, 685 F.Supp.2d 747, 751 (M.D. Tenn. 2010). Thus, the court finds that the complaint fails to state a claim upon which relief can be granted under Section 1983 against Nurse Mary in her official capacity, which is actually a claim against Rudd Medical Services. This claim will be dismissed.

**V. Motion to Appoint Counsel**

Next, Plaintiff seeks the appointment of counsel. (Doc. No. 4). He states that he is unable to afford an attorney, "imprisonment will greatly limit his ability to litigate," he has limited access to the law library and a limited knowledge of the law, and the issues in this case will require "significant research and investigation." (*Id*. at 1).

The Supreme Court has held that "an indigent's right to appointed counsel exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Dep't of Social Servs.*, 452 U.S. 18, 25 (1981). Thus, unlike criminal proceedings, there is no constitutional right to an appointed counsel in a civil action, such as this action. *Willett v. Wells*, 469 F. Supp. 748, 751 (E.D. Tenn. 1977), *aff'd*, 595 F.2d 1227 (6th Cir. 1979); *see Williamson v. Autorama, Inc.*, No. 91-5759, 947 F.2d 947 (6th Cir. 1991) (citing *Willett* favorably). The appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 604-05 (6th Cir. 1993).

Here, Plaintiff's lack of legal training and financial circumstances are typical to most pro se prisoner litigants. *See Debow v. Bell*, No. 3:10-cv-1003, 2010 WL 5211611, at *1 (M.D. Tenn. Dec. 15, 2010) (inmates are typically indigent, legally untrained, pro se litigants). It does not appear that either the factual or legal circumstances of this case are so complex as to constitute "exceptional circumstances" necessitating the appointment of counsel. Plaintiff has filed a complaint, an application for leave to proceed in forma pauperis and supporting documents, and a motion seeking counsel. The court finds that Plaintiff is effectively representing his own interests to date. *See, e.g., Flores v. Holloway*, No. 3:17-cv-00246, 2017 WL 2812908 at *2 (M.D. Tenn. June 29, 2017) (denying motion for the appointment of counsel when petitioner submitted a "lengthy petition" demonstrating his ability to litigate his case). Accordingly, the court finds that

9

the interests of justice do not require the appointment of counsel at this time. Plaintiff's Motion to Appoint Counsel (Doc. No. 4) therefore will be denied without prejudice. Plaintiff may renew this motion at a later time if the circumstances warrant.

**VI.     Conclusion**

The court has screened the complaint pursuant to the PLRA and determines that the complaint sets forth colorable Eighth Amendment claims under Section 1983 against C/O Vanwinkle and Nurse Mary in their individual capacities. All other claims will be dismissed.

Plaintiff's Motion to Appoint Counsel will be denied without prejudice.

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge